before you get started, I want to tell both sides. Um, it seems like there's two different cases here. There was the case that was litigated in the district court and on which a C. O. A. Was granted. And now there's an attempt to try to make this a different case. As I understood it, the argument in the motion to vacate was that Johnson renders 9 24 C unconstitutionally vague. That's correct. Period. End of story. District court disagrees. C. O. A. Is granted on that issue alone. Our decision and a Wallace comes out, says 9 24 C is not invalidated. Now it appears that the parties are trying to argue about, well, if 9 24 C is valid, was there a sufficient case made, uh, about the facts necessary to show that, um, that that this satisfies the conduct based approach. But that, it seems to me, is a completely different argument and not a constitutional argument and therefore not one for which a C. O. A. Was granted. So it seems to me like if we really are just going to decide the case on which the motion to vacate was filed and the C. O. A. Was granted, we just need to wait for the Supreme Court to decide Davis. One way or another, that's going to decide this case. Now you can start. Well, Your Honor, I would say that that was my first argument in my supplemental brief to the court. And the reason why in my supplemental briefing I went forward on the conduct based approach was that I thought that that was the question that the court had asked in its supplemental brief. No, no. I mean, we, so we just need to decide, don't we? We just need to wait for the Supreme Court to decide Davis, don't we? Because the only claim you made is that Johnson renders 9 24 C unconstitutional. Yes, Your Honor. But that was the only a claim Ovallis made in her 22 55 motion in the court proceeded on the conduct based approach. In that case, Ovallis was a 22 55 case. And so even though the court's briefing order said it was a direct appeal, but Ovallis was a 22 55 and the court went forward and applied the conduct based approach in Ovallis's case. And so the same is true here. I mean, Mr Antoine's case is a 22 55, but so was Ovallis. But you couldn't have had a C. O. A. Granted on that issue because it's a statutory issue. I mean, so if 9 24 C is not invalidated by Ovallis, I mean by Johnson, if there's no constitutional claim, then your claim about, well, whether the conduct based approach was satisfied or not, that's a statutory error claim, not a constitutional claim. Yes, Your Honor. That's what Solomon says, that it's a statutory claim and you can't get a C. O. A. On a, on a statutory claim. But I already have a C. O. A. Your Honor. And I have a C. O. A. It brings the court and then the court can address that in whatever manner it pleases to do so. Um, okay, well, 9 20 and did so in if Davis decides that 9 24 C survives, then, then your claim has been decided. It has been decided. Yes, Your Honor. So we just need to wait for Davis. Yes, Your Honor. Would, would, would the court like me to proceed on any of the issues in the briefing? Let me ask you this. So are you saying in response to Judge Pryor that if Davis comes back against you, let's say, and 9 24 C three B survives, are you saying at that point that the C. O. A. Nonetheless brings with it the sort of the application, sort of the statutory application of the conduct based approach? Well, Your Honor, that's what the court did in Ovallis. And so I can only speak to that. I mean, I have honestly haven't reviewed the C. O. A. And Ovallis. But I presume that the conduct based approach was not raised in that case because the court created the conduct based approach in that case. And so my understanding from Ovallis is the court applied the conduct based approach in that post. I thought what the Ovallis court did was it said, look, um, this can be read a couple of different ways and, and one of which would allow for a conduct based approach. The residual clause of 9 24 C would be constitutional and, and show you how it works with Ovallis. It's clear from this record that the conduct would satisfy that approach. Yes, Your Honor. And then Ovallis lost. I mean, the court applied it on remand as well and, and, and denied her motion under the conduct based approach. And so I would argue that that sets precedent here that the C. O. A. Um, in that situation was broad enough for the court to consider, uh, the issue that was prevented by Ovallis. I mean, I think in Mr. Antoine's case as well, the court would have to, um, consider the constitutional issue and, and find based on that constitutional issue, we are going to read 9 24 C in this way. And that brings with it is sufficiently constitutional question for this, that issue to be within the scope of the C. O. A. I mean, the court in Ovallis could well have said, we find it that 9 24 C under this reading is not void for vagueness and then denied relief on that ground because it was a statutory issue and the court didn't do that. The court applied the conduct based approach in that case. But I agree that Davis resolves a number of issues in this case. It will resolve the statute of limitations issue that, that the government has raised. It will resolve the procedural default issue that the government has raised. And, and I think, um, one of the best, yeah, that the, it is best for this court to wait for Davis, but I disagree, um, regarding the implications of the Davis case on whether or not the conduct based approach should be considered in this case. And if the court would like me to, I would go forward and discuss the whole argument about that though is because, um, the Ovallis court addressed the conduct based approach within the, um, based on the record of that case that we were there, that that somehow obliges us to do it here. Well, I thought your honor, I thought that's what precedent was all about. I mean, the court undertook that action as I said, the court said though that, um, look, let's show you how it works. You know, it was, it was a constitutional avoidance case, right? How's the proper way to, what's the proper way to interpret the statute? And it's clear here had it been interpreted that way. And, and based on a conduct based approach, this defendant, um, could have been convicted. That doesn't necessarily mean that every time you just present the straight up constitutional issue, you're obliged to do that analysis, does it? Well, your honor, I guess I would disagree. I mean, the court, that analysis was necessary to the result in Ovallis. I mean, the court's consideration of her conduct based approach claim was necessary to its resolution of her, of her case. And the court applied it. Other courts have applied it. I mean, this court has applied it thereafter. It's really just an example of how this works. We're going to, you know, if you, when you're making the constitutional avoidance argument, you have to show there's more than one plausible way of reading the statute and, and see, here's how it works. Um, but your honor, the conduct based approach itself is also based on the sixth amendment. I mean, there is a constitutional, there are constitutional claims that are running throughout the court's analysis. And, and, um, uh, as I said, I thought that Johnson issue was a vagueness issue. It's a fifth amendment issue. That's issue. It's not a sixth amendment issue, is it? No, it's a due process issue. And, but again, I mean, all of this is, is very speculative because we don't know what the Supreme Court will say in Davis. Even if it adopts a conduct based approach, we don't know necessarily what it will say, um, regarding that conduct based approach, whether it will adopt the, the, um, same type of approach that Avalos has taken or some other method of, of, um, analyzing whether what we really need to do is wait for the court to decide Davis and ask for supplemental briefing afterward. Um, yes, your honor. If that's what the court desires, certainly. I mean, I want to know, don't you think that's the prudent thing for us to do? It's about to be argued. It'll be decided within the next couple of months. Shouldn't we wait for that? Yes, your honor. If the court, if the court would, would indeed allow a supplemental briefing, I think that's the exact right result in this case. The court has no further questions. Okay. Thank you. Okay. Please. The court counsel, the fishery syndrome for United States, your honors, you're correct that if Davis does fall where vice the on bonk of eyes case did fall that the COA in this case would become defective. At that point, the COA is limited to a constitutional claim per 2253 C two. And as this court held in Spencer, we need to adhere to those gatekeeping requirements. I mean, the thing we need to do though, you agree is, is wait for Davis to be decided. Ask for supplemental briefs afterward. Yes, your honor. I think in that, in this case, that would make the most sense. Your honors have no further questions. Good day. Thank you, your honor. You too. Ms. Bergman, I take it you don't have any rebuttal to that. No, your honor. I have no rebuttal though. I did want to say that I take great pleasure in judge fertile being on the panel because my son has just been accepted to the architecture school of Kansas and we'll be going there in the fall. So Jay Hawk, thank you. Maybe they'll have a better basketball season. Yeah, I cheered for him. I'll tell you that in their last game.